IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02679-BNB

JEFFREY VAN QUINN,

    Plaintiff,

v.

COLORADO BUREAU OF INVESTIGATION,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 15 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Jeffrey Van Quinn, has filed *pro se* a complaint for money damages. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) because it seeks monetary relief against a defendant immune from such relief.

The Court must construe Mr. Van Quinn's complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution

and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Van Quinn alleges that the Colorado Bureau of Investigation (CBI) is reporting that he was convicted of third-degree assault. He contends he never has been convicted of third-degree assault. He further contends that, as a result of the allegedly erroneous CBI criminal history report, he is unable to find employment.

Mr. Van Quinn may not sue for money damages the CBI, a state agency placed under the Colorado Department of Public Safety. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Mr. Van Quinn seeks monetary relief against a Defendant immune from such relief. It is

**FURTHER ORDERED** that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.

DATED at Denver, Colorado, this 14 day of January, 2008.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02679-BNB

Jeffrey Van Quinn
2685 S. Dayton Way # 341
Denver, CO 80231

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/15/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk